UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 5:26-cv-00775-FWS-MAR                                  Date: March 2, 2026
Title: Ashok Kumar v. Fereti Semaia *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Petitioner:            Attorneys Present for Respondents:

Not Present                                                  Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING IN SUBSTANTIAL PART PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER [5]**

Petitioner Ashok Kumar brings this Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 against Respondents Fereti Semaia, Warden of The Adelanto ICE Processing Center (Adelanto Detention Facility); Todd Lyons, Acting Director of United States Immigration and Customs Enforcement; Kristi Noem, Secretary of the United States Department of Homeland Security; and Pamela Bondi, Attorney General of the United States. (Dkt. 1 ("Petition" or "Pet.").) Before the court is Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction. (Dkt. 5 ("Motion" or "Mot.").) Respondents filed a Response to the Motion. (Dkt. 9 ("Resp.").) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Based on the record, as applied to the relevant law, the Motion is **GRANTED IN SUBSTANTIAL PART.**

I.    Background

Petitioner alleges the following. Petitioner "is an asylum seeker who fled India" and "arrived in the U.S. on or about May 16, 2023," where he "was encountered and apprehended by Customs and Border Protection inside the United States" and "released from custody on his own recognizance under 8 U.S.C. 1226(a)." (Pet. ¶ 2.) "Then, on or around July 9, 2025, he

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 5:26-cv-00775-FWS-MAR | Date: March 2, 2026 |
| Title: Ashok Kumar v. Fereti Semaia *et al.* | |

was redetained despite no material change in circumstances and no advance notice or hearing to determine if he poses a flight risk or is a danger." (*Id.*)  Petitioner was subsequently "transferred to the Adelanto ICE Processing Center." (*Id.* ¶ 4.)

"A recent DHS policy . . . considers anyone arrested within the United States and charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) to be an 'applicant for admission' under 8 U.S.C. § 1225(b)(2)(A)." *Mosqueda v. Noem*, 2025 WL 2591530, at *1 (C.D. Cal. Sept. 8, 2025).  "Pursuant to section 1225(b)(2)(A) 'applicants for admission' who are 'seeking admission' are subject to mandatory detention." *Id.*  "Prior to the new policy, foreign nationals, like petitioner[], who were charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without being admitted or paroled were considered detained pursuant to 8 U.S.C. § 1226(a), which allows for release on bond or conditional parole." *Id.*

In the Motion, "Petitioner asks this Court to find that his re-arrest by immigration authorities and in the absence of materially changed circumstances, and his continued detention, constitute a violation of his liberty interest under the Due Process Clause of the Constitution. To the extent necessary, Petitioner asks the Court to find that his current detention can only be pursuant to 8 U.S.C. 1226(a) and that he is, at a minimum, entitled to a bond hearing before an immigration judge if he should be detained again in the future.  However, Petitioner believes there is no valid basis for his current detention and that immediate release is thus warranted." (Mot. at 4.)

**II.     Legal Standard**

The "opportunities for legitimate *ex parte* applications are extremely limited," *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013), and such applications are "rarely justified." *Mission Power Eng'g Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995).  To justify *ex parte* relief, the moving party must establish (1) that their cause of action will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures and (2) that they are without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *Id.* at 492-93.

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 5:26-cv-00775-FWS-MAR | Date: March 2, 2026 |
| Title: Ashok Kumar v. Fereti Semaia *et al.* | |

A temporary restraining order ("TRO") may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). The analysis for granting a TRO is "substantially identical" to that for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). Either "is an extraordinary remedy that may be awarded only if the plaintiff clearly shows entitlement to such relief." *See Am. Beverage Ass'n v. City & Cnty. of San Francisco*, 916 F.3d 749, 754 (9th Cir. 2019) (en banc) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).

A plaintiff seeking a TRO must demonstrate (1) they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the absence of preliminary relief"; (3) that "the balance of equities tips in [their] favor"; and (4) that "an injunction is in the public interest." *Id.* (quoting *Winter*, 555 U.S. at 20). Courts in the Ninth Circuit "also employ an alternative serious questions standard, also known as the sliding scale variant of the *Winter* standard." *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (citation modified). Under that approach, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

A party seeking preliminary injunctive relief must make a "certain threshold showing" on "each [*Winter*] factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). "The most important among these factors is the likelihood of success on the merits." *Junior Sports Mags. Inc. v. Bonta*, 80 F.4th 1109, 1115 (9th Cir. 2023). "This is especially true for constitutional claims, as the remaining *Winter* factors typically favor enjoining laws thought to be unconstitutional." *Id.*

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-00775-FWS-MAR            Date: March 2, 2026
Title: Ashok Kumar v. Fereti Semaia *et al.*

### III. Analysis

The court finds Petitioner has adequately demonstrated that *ex parte* relief is warranted, and has also met his burden to show that he is entitled to a TRO under the *Winter* factors. Respondents do not argue otherwise. Rather, in the Response, Respondents state:

> Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) *reconsideration granted in part,* --- F. Supp. 3d ---, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), *and amended and superseded on reconsideration,* --- F. Supp. 3d ---, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025). . . . While Petitioner seeks immediate release in his petition, to the extent Petitioner would be entitled to any remedy via his petition, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a). Accordingly, Respondents acknowledge that Petitioner's claim in this action appears to be subject to the *Bautista* judgment, the order enforcing the same, and to any applicable appellate proceedings relating to it. To the extent a bond hearing is ordered here, it should be consistent with what Courts in this District have generally ordered in similar cases, which is to require an 8 U.S.C. § 1226(a) hearing to be provided in seven days.

(Resp. at 2.)

At this early stage, on this limited record, the court determines that it is appropriate to act consistent with the practice in this District in recent months, and will therefore order that Petitioner be afforded a timely bond hearing, and released if he does not receive such a hearing. *See, e.g.*, *Mosqueda*, 2025 WL 2591530, at *7 ("Respondents are enjoined from continuing to detain petitioners unless they are provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order.").

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 5:26-cv-00775-FWS-MAR     Date: March 2, 2026
Title: Ashok Kumar v. Fereti Semaia *et al.*

**Nothing in this order shall be read to preclude issuance of the relief Petitioner seeks in the Motion at a later stage of the proceedings.**

IV.     **Disposition**

For the foregoing reasons, the Application is **GRANTED IN SUBSTANTIAL PART**. The court **ORDERS** that Respondents are **ENJOINED** from continuing to detain Petitioner unless Petitioner is provided an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) on or before **March 9, 2026, at 9:00 a.m.** If Petitioner is not provided a bond hearing in accordance with this Order, Respondents are **ORDERED** to release Petitioner from custody on or before **March 9, 2026, at 5:00 p.m.** In addition, the court's previous order that Petitioner shall not be removed or relocated from the Central District of California pending further order of court remains in full force and effect. (Dkt. 7.)

Respondents are further **ORDERED** to show cause in writing on or before **March 12, 2026,** as to why the court should not issue a preliminary injunction in this case. Petitioner may file a response on or before **March 18, 2026**. The court sets a hearing on whether a preliminary injunction should issue on **March 26, 2026, at 10:00 a.m., in Courtroom 10D.**

**IT IS SO ORDERED.**